Barrett, J.:
We think the stay should not have been granted, Tbe plaintiff lias a perfectly valid judgment against the defendant which be *467 seeks to enforce. That is a right expressly guaranteed to him by law. The Code of Civil Procedure (§§ 613, 618), following the Revised Statutes, forbids an injunction staying proceedings upon a judgment for a sum of money unless the amount of the judgment be paid into court or security therefor be given. The present order staying proceedings was the equivalent of such an injunction. The form was of no consequence. Further, upon the facts presen, ed there was no basis for the stay. The defendant had no defense to the action which resulted in the judgment, none to the judgment itself. All that he claims is a hope that his proceedings, under the Two-Thirds Act, in the Court of Common Pleas may ultimately result in an effective discharge. The fact that that court, pending the hearing therein, has granted a stay of the creditor’s proceeding m that matter, cannot avail the defendant here. There is no intei’dependence as to the proceedings before the officer in the Court of Common Pleas and upon the judgment of this court. There being no averment of fraud or error it would be subversive of right and contrary to precedent to stay the enforcement of a regular and valid judgment, without statutory authority, merely be-' cause another court may hereafter decide that the defendant is en-' titled to a discharge.
The order appealed from should be reversed, with $10 costs, and disbursements, and the stay vacated.
Present — Davis, P. J., Brady and Barrett, JJ.
Order reversed, with $10 costs, and disbursements.